## DAVISON CHEMICAL CORPORATION v. THE HENRY W. CARD et al. THE TENAS.

### No. 284.

Circuit Court of Appeals, Second Circuit.

July 28, 1944.

706

Macklin, Brown, Lenahan & Speer, of New York City, Semmes, Bowen & Semmes, of Baltimore, Md., and Lord & Whip, of New York City (Paul Speer, of New York City, and George W. P. Whip, of Baltimore, Md., of counsel), for libellant-appellant.

Foley & Martin, of New York City (James A. Martin and Christopher E. Heckman, both of New York City, of counsel), for Card Towing Line, Inc., claimant-appellee.

Before AUGUSTUS N. HAND, CLARK, and FRANK, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

█ The barge Tenas was in tow of the tug Card and was so negligently navigated by the tug that she was stranded and damage was suffered both by the barge and her cargo. There is no dispute that the stranding was due to errors of navigation. But the claimant-appellee, the owner of the tug, argues, and as we think properly, that it is relieved from liability for any damage to the barge due to the stranding because of Clause Tenth of the charterparty, which reads as follows:

"Tenth: Acts of God, enemies, fire, restraints of Princes, rulers and peoples, strikes, riots and civil commotions, takings at sea and all other dangers and accidents of the seas, rivers and harbors, machines, boilers and navigators and errors of navigation, latent defects and unseaworthiness, not resulting from Owner's failure to use due diligence always mutually excepted."

The libellant, however, contends that Clause Tenth only related to the use of the tug which was the subject of the charter, and did not cover the barge Tenas, though the charterer against whom the clause is invoked was the owner of the barge and, under the terms of the contract, the owner of the tug was to tow it and to render "all customary assistance to the tow." We cannot believe that a tug owner who has chartered its tug to the owner of a barge and has agreed in the charterparty to tow the barge and has provided therein that there shall be no liability for errors of navigation did not intend to have the exemption cover damages to the barge which arise through such errors. Indeed, damage to the barge would seem to be the most obvious sort of liability against which the tug owner would expect to be protected. Libellant's chief contention is that the exception in clause Tenth only relieves it from the express covenants in favor of the libellant which are contained in the charterparty, and not from the implied covenant to exercise due care in performing its towing services. We think this contention is not supported by Clyde Commercial S. S. Co. v. West India S. S. Co., 2 Cir., 169 F. 275, which makes no distinction between the effect of an exception on a covenant expressed in terms and one implicit in the charter such as a duty to exercise due care in towing. The clauses in the charterparty involved in The Vale Royal, D.C.Md., 51 F.Supp. 412, render that decision wholly irrelevant. The Interports No. 767, 2 Cir., 92 F.2d 601, somewhat tends to support the position of the appellee. The facts in that case differ in principle from the case at bar only because the charterparty contained an express, rather than an implied, covenant exempting the charterer from liability for damages to barges due to errors of navigation.

█ The appellee also seeks to support the decision relieving the owner of the tug from liability for the stranding of the Tenas on the ground that the charter was a demise of the tug to the libellant whereby the latter became the owner of the tug pro hac vice and, therefore, could assert no claim for damages caused by a vessel in the charterer's own control. But, under the charter provisions, the owner paid the master and crew and retained control over the navigation of the tug. This was sufficient to prevent the contract from falling within those charters which have been interpreted as placing the master and crew and the navigation of the vessel under the control of the charterer. We think the

charter plainly did not amount to a demise. The Volund, 2 Cir., 181 F. 643; Luckenbach v. Insular Line, 2 Cir., 186 F. 327.

 The claimant-appellee contends that the stipulated facts indicate that the libellant-appellant cannot prove a loss of the use of the tug for more than forty-eight hours and that, therefore, there is no valid claim pro tanto for repayment of charter hire paid in advance. But such a contention cannot properly be made on this appeal because the appellee filed no cross-assignment of errors.

Decree affirmed.